UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAEL CRUZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HUEL INC.,<br><br>        Defendant. | CASE NO: 1:20-cv-09668-ER |

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff Shael Cruz ("Plaintiff") and Defendant Huel Inc. ("Huel"). Plaintiff and Huel are also referred to individually as "Party" or collectively as the "Parties."

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 *et seq.* ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a);

3. Huel operates the website www.huel.com (the "Website);

4. On November 17, 2020, Plaintiff filed this lawsuit against Huel alleging that it failed to design, construct, and maintain the Website in a manner that is fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people;

5. Plaintiff alleges this resulted in a denial of full and equal access to Huel's Website, and the products and services on the Website, in violation of the ADA, the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a)("NYSHRL"), the New York State Civil Rights Law, N.Y. Civil Rights Law § 41 ("NYSCRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107(4)(a) ("NYCHRL");

6.      Huel denies that the Website violates Title III of the ADA or any other statute or regulation.   By entering into this Consent Decree, Huel does not admit or concede any liability or wrongdoing, and this Consent Decree makes no finding on these questions.

7.      This Consent Decree resolves, settles, and compromises all issues among the Parties based on the allegations set forth in this lawsuit.

## JURISDICTION

8.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188.  The Parties agree venue is appropriate.

## AGREED RESOLUTION

9.      The Parties agree that it is in their best interest to resolve this lawsuit on mutually agreeable terms without further litigation.  Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

10.     Huel denies Plaintiff's allegations in this lawsuit, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in the Complaint filed in this action.  The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

        In resolution of this action, the Parties hereby **AGREE** and the Court expressly **APPROVES**, **ENTERS**, **AND ORDERS** the following:

## DEFINITIONS

11.     Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

## TERM

12.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for two (2) years from the Effective Date.

## ACTIONS TO BE TAKEN

13.     Within 2 years of the Effective Date, Huel will make reasonable efforts to cause the Website to be accessible to screen reader users, using the relevant portions of the Web Content Accessibility Guidelines ("WCAG") 2.1 as a guide.  The term "accessible" shall mean that, to the extent technically feasible, screen reader users have access to and substantially equivalent ease of use of the same information and functionality as sighted users.  The obligations set forth in paragraph shall not apply to Third Party Content on the Website, or any websites that are linked from the Website.  The term "Third Party Content" refers to web content that is not developed or owned by Defendant.

14.     Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

    To Plaintiff:

    Joseph H. Mizrahi, Esq.
    Cohen & Mizrahi LLP
    300 Cadman Plaza W, 12th Floor
    Brooklyn, NY 11291
    Email: joseph@cml.legal
    Phone: 929-575-4175

    To Defendant:

    Minh N. Vu, Esq.
    Seyfarth Shaw LLP
    975 F Street, N.W.
    Washington, DC 20004
    Email:  mvu@seyfarth.com
    Phone:  202-828-5337

## MODIFICATION

15.     No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

16.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

17.     Plaintiff and Defendant have settled all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters sought in Plaintiff's Complaint through a separate Confidential Settlement Agreement and Release.

18.     In the event Plaintiff alleges that Defendant failed to meet its obligations pursuant to Paragraphs 13-14 of the Consent Decree, Plaintiff will notify Defendant in writing with reasonable detail of the issue(s).  Within ninety (90) days of receipt of written notice, Defendant will provide a written response.  The Parties will make a good faith effort to resolve the dispute informally.  If the issue remains unresolved ninety (90) days after the notice is given, then Plaintiff may seek relief from the Court.

19.     If any provision of this Consent Decree is determined to be invalid, unenforceable or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not in any event affect any other provisions all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

20. The signatories represent that they have the authority to bind the respective Parties, Shael Cruz and Huel Inc.

**CONSENT DECREE HAS BEEN READ**

21. The Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Agreed and Consented to:

_____          12-15-2020
SHAEL CRUZ                                  Date

HUEL INC.
By: _____          12/16/2020
Its: _____CEO_____           Date


**DONE AND ORDERED this** 18th **day of** December, 2020

_____
Edgardo Ramos, U.S.D.J.

4

67181724v.1